TS-10253                                                                1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>    Wanda L. Viera Pérez | Querella<br><br>2001 TSPR 88 |

Número del Caso: TS-10253

Fecha: 22/mayo/2001

Oficina del Procurador General

                         Lcda. Cynthia Iglesias Quiñones
                         Procuradora General Auxiliar

Abogada de la Parte Querellada:
                         Por Derecho Propio

Materia: Conducta Profesional
         (La suspensión es efectiva a partir del 13 de junio de 2001, fecha en que se
         le notificó a la abogada de su suspensión inmediata)

     Este documento constituye un documento oficial del Tribunal Supremo que está
     sujeto a los cambios y correcciones del proceso de compilación y publicación
     oficial de las decisiones del Tribunal. Su distribución electrónica se hace
     como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Wanda L. Viera Pérez                              TS-10253

RESOLUCIÓN

San Juan, Puerto Rico, a 22 de mayo de 2001.

En atención a la querella presentada por la Oficina del Procurador General el 7 de febrero de 2001, el 23 de marzo de 2001 emitimos una resolución concediéndole a la Lic. Wanda L. Viera Pérez un plazo de cinco (5) días, contados a partir de la notificación de la resolución, para que mostrara causa por la cual no debíamos suspenderla provisionalmente de la abogacía, hasta que otra cosa disponga este Tribunal.

El 23 de abril de 2001 la licenciada Viera Pérez presentó escrito de mostración de causa exponiendo las razones por las cuales no debía ser suspendida provisionalmente.

A la luz de la totalidad de los documentos que obran en autos, este Tribunal suspende inmediata y provisionalmente a la Lic. Wanda L. Viera Pérez del ejercicio de la profesión de abogado y de la notaría, hasta que otra cosa disponga este Tribunal.

Se le concede a la licenciada Viera Pérez un plazo de quince (15) días, contados a partir de la notificación de esta resolución, para que conteste la querella presentada por la Oficina del Procurador General.

Se le impone a la señora Viera Pérez el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolverle cualesquiera honorarios recibidos por trabajos no realizados, e informarle oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá certificarnos dentro de un término de treinta (30) días, contados a partir de la notificación de esta resolución, el cumplimiento de estos deberes, notificando también al Procurador General.

El Alguacil de este Tribunal deberá incautarse del sello y la obra notarial de la abogada suspendida, debiendo entregar los mismos a la Directora de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Presidente señor Andréu García y los Jueces Asociados señores Rebollo López y Hernández Denton no intervinieron.  El Juez Asociado señor Fuster Berlingeri disiente con opinión escrita.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Wanda L. Viera Pérez

TS-10253

Voto Disidente emitido por el Juez Asociado señor FUSTER BERLINGERI.

San Juan, Puerto Rico, a 22 de mayo de 2001.

La querellada del caso de autos fue convicta por la comisión de cinco (5) cargos de delitos graves que implican depravación moral, por la falsificación de sentencias y otros documentos judiciales. De ordinario procedía la **suspensión inmediata y permanente** del ejercicio de la profesión jurídica, según lo dispuesto por la sección 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735; y según lo resuelto en nuestra reiterada jurisprudencia sobre el particular. No obstante, una mayoría de este Tribunal optó en vez por darle un término de cinco (5) días a la querellada para que mostrara causa por la cual no debía suspendérsele de la abogacía provisionalmente. **La querellada no cumplió con nuestra orden dentro del término fijado**. Compareció ante nos tres (3)

semanas más tarde, y nos informó que había aceptado el veredicto emitido en su contra en el caso penal. Ello significa que la querellada ha optado por no apelar el dictamen penal en contra suya, por lo que éste es ya final y firme. Más aun, en su escrito tardío ante nos **la querellada convicta adujo varias razones que alegadamente justifican que no se decrete su suspensión de la abogacía**.

A pesar de lo anterior, una mayoría de este Tribunal no actúa como en derecho procede. Más bien, se limita la mayoría a suspender a la querellada convicta sólo **provisionalmente** y le concede un término adicional de quince (15) días para contestar la querella que el Procurador General presentó en su contra hace casi cuatro (4) meses atrás.

Todo lo anterior es realmente insólito. En primer lugar, la querellada convicta, que debió haber sido suspendida inmediata y permanentemente antes, ya ha tenido tiempo suficiente para contestar la querella del Procurador General que fue presentada en su contra el 7 de febrero de 2001. En segundo lugar, la querellada ya compareció ante nos y en efecto presentó sus puntos de vista sobre este asunto, aunque lo hizo tardíamente.

A la luz de lo anterior, **¿qué propósito útil tiene darle a la querellada convicta otro plazo más para que conteste lo que ya contestó?** ¿Cuánto tiempo más se ha de dilatar hacer lo que la ley ordena en estos casos, que hemos aplicado rigurosamente a docenas de abogados en iguales circunstancias? **¿Por qué sigue la mayoría de este Tribunal postergando lo que debió adjudicar hace meses?**

Todo este inusitado proceder de la mayoría es un intento errado de ser consistente con su controversial y cuestionable dictamen por voto dividido en el caso de In re Dubón Otero, Resolución y opiniones de 17 de abril de 2001, TS-1962. Así, aquel desacierto da lugar al de ahora. Por ello, disiento.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO